# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH E. ANDERSON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>A. GONZALES, et al.,<br><br>　　　　Defendants. | 1:14-cv-00362-BAM (PC)<br><br>SCREENING ORDER DISMISSING COMPLAINT AND GRANTING LEAVE TO AMEND<br>(ECF No. 1)<br><br>THIRTY-DAY DEADLINE |

**I.　　Screening Requirement and Standard**

Plaintiff Joseph Anderson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's complaint, filed on March 14, 2014, is currently before the Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

1

conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted).  To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

## II.   Plaintiff's Allegations

Plaintiff is currently housed at the California Substance Abuse Treatment Facility.  The events in the complaint are alleged to have occurred at Pleasant Valley State Prison ("PVSP").  Plaintiff names Sergeant A. Gonzales and Corrections Officer C. Laita as defendants in their individual and official capacities.

Plaintiff alleges:  On October 21, 2013, Plaintiff was admitted to the C.T.C. area of PVSP's medical facility with trouble breathing and chest pain.  After returning to the building, Officer Martinez told Plaintiff that he had a cell mate.  Plaintiff then observed an inmate seated at the table.  The inmate introduced himself as a Sacramento Blood.  Plaintiff told him, "I don't gang bang and . . . [you] have to find another cell to move to."  Officer Martinez told Plaintiff, "I am tired of you turning down these cellies."  Plaintiff told him, "Then put a non-affiliated in there."  (ECF No. 1, p. 4.)  Plaintiff then walked up to his cell door and motioned for Officer Martinez to open the door.  Plaintiff said, "I just want to lie down, I am very sick."  Officer Martinez said, "Fuck no! I have something special for you."  (Id.)

Plaintiff then sat at a table for approximately ten minutes.  Plaintiff then made his way to the urinal and, after washing his hands, turned around to find three officers standing there: Defendant Gonzales, Defendant Laita and another officer.  Defendant Laita told Plaintiff to turn around.  Defendant Laita then handcuffed Plaintiff, escorted him outside, uncuffed him and turned him around.  Defendant Gonzales asked, "What[']s the problem?"  Plaintiff said, "There is no problem, I just don't cell-up with gang members."  Defendant Laita then said, "You are fucking going in there!"  (ECF No. 1, p. 5.)  Defendant Laita grabbed Plaintiff, turned him around and cuffed him with so much force that Plaintiff felt a snap.  Defendant Laita then dragged Plaintiff to his cell, uncuffed him and pushed him inside.  Plaintiff alleges that he suffered a fractured wrist and ligament damage from the brutal handcuffing.  He did not receive surgery on his wrist until December 19, 2013.

The other inmate in Plaintiff's cell said, "You know this is my cell now."  I said, "Look I don't want any trouble.  I just want to lie down.  I am very sick."  The inmate said, "No stay right there by the door."  Plaintiff responded, "You want to do what these officers want you to do me?"  The inmate said, "What's that?"  Plaintiff said, "Beat my ass up in here."  Plaintiff then said, "Let me move[] my T.V."  (ECF No. 1, p. 5.)  At that point, the inmate proceeded to beat Plaintiff.  The inmate suffered injuries to his knuckles, but Plaintiff received stitches to his leg and face.  Plaintiff asserts that he was written up for fighting, but not for refusing a cell mate or cell move.

Plaintiff further alleges that the sickness he was feeling turned out to be Valley Fever (coccidioidomycosis).  He also alleges that he endured years of pain and suffering because PVSP delayed his complaint and he did not receive surgery on his wrist until December 19, 2013.

**III.   Discussion**

    **A.  Eleventh Amendment and Official Capacity**

Plaintiff brings suit against Defendants in their individual and official capacities. To the extent that Plaintiff seeks to bring a damages claim against Defendants in their official capacities for money damages, he may not do so. The Eleventh Amendment prohibits suits for monetary damages against a State, its agencies, and state officials acting in their official capacities.

Aholelei v. Dep't of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007). As such, the Eleventh Amendment bars any claim for monetary damages against defendants in their official capacities.

However, the Eleventh Amendment does not bar claims for prospective injunctive relief against state officials acting in their official capacities. Los Angeles County Bar Ass'n v. Eu, 979 F.2d 697, 704 (9th Cir. 1992). Here, Plaintiff seeks injunctive relief, including a stoppage in the use of force to house Plaintiff with incompatible cellmates. (ECF No. 1, p. 3.) Nonetheless, Plaintiff's request for injunctive relief directed at PVSP prison officials is moot. Plaintiff has been transferred to the California Substance Abuse Treatment Facility. A request for injunctive relief becomes moot if a prisoner is transferred. Andrews v. Cervantes, 493 F.3d 1047, 1053 n. 5 (9th Cir.2007) (citing Johnson v. Moore, 948 F.2d 517, 510 (9th Cir.1991) (per curiam). There is no indication that Plaintiff expects to be transferred back to PVSP. Darring v. Kincheloe, 783 F.2d 874, 876 (9th Cir.1996).

**B. Eighth Amendment – Excessive Force**

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is ... whether force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6–7, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992). "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." Id. at 7 (internal quotation marks and citations omitted).

At the pleading stage, Plaintiff appears to state a cognizable excessive force claim against Defendant Laita. However, Plaintiff's allegations are contradicted by his exhibits in which Plaintiff alleged that Defendant Gonzales, not Defendant Laita, forced Plaintiff into his cell. (ECF No. 1, p. 9, Ex. A.) Plaintiff will be given leave to cure this discrepancy.

///

///

### C. Eighth Amendment – Failure to Intervene

Prison officials are required "to take reasonable steps to protect inmates from physical abuse." Hoptowit v. Ray, 682 F.2d 1237, 1250 (9th Cir.1982) (abrogated on other grounds by Sandin v. O'Connor, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995)). "[A] prison official can violate a prisoner's Eight Amendment rights by failing to intervene." Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir.1995).

Although it appears that Plaintiff has stated a cognizable claim against Defendant Gonzales for failure to intervene in the use of excessive force by Defendant Laita, Plaintiff's allegations are contradicted by his exhibits. As noted above, Plaintiff's exhibits suggest that Defendant Gonzales, not Defendant Laita, used excessive force. Plaintiff will be given leave to cure this deficiency and clarify his allegations.

Plaintiff has not stated a cognizable claim against either Defendant Gonzales or Defendant Laita for failure to intervene or for failure protect Plaintiff from harm by his cellmate. There are no factual allegations demonstrating that Defendants knew of a risk of harm to Plaintiff from his cellmate or that they were present during the alleged attack. Plaintiff will be given leave to cure these deficiencies.

### D. Eighth Amendment – Deliberate Indifference to Serious Medical Needs

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show "deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096; Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012).

Deliberate indifference is shown where the official is aware of a serious medical need and fails to adequately respond. Simmons v. Navajo County, Arizona, 609 F.3d 1011, 1018 (9th Cir. 2010). "Deliberate indifference is a high legal standard." Simmons, 609 F.3d at 1019; Toguchi v.

Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). The prison official must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and he must make the inference. Farmer, 511 U.S. at 837.

It is unclear whether Plaintiff intends to pursue a claim for deliberate indifference to serious medical needs related to his wrist or related to his contraction of Valley Fever. In an abundance of caution, the Court has provided the relevant pleading standard in the event that Plaintiff elects to file an amended complaint. Plaintiff is cautioned, however, that any amended complaint may not violate Federal Rule of Civil Procedure 18 regarding joinder of claims.

Pursuant to Rule 18, Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997); Desert Empire Bank v. Insurance Co. of North America, 623 F.2d 1371, 1375 (9th Cir. 1980). Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

### E.  Rules Violation Report (115)

Plaintiff appears to allege that his CDCR 115 Rules Violation Report for fighting is incorrect. Plaintiff requests that the 115 be dismissed.

An inmate can state a cognizable claim arising from a false disciplinary report if the false report was done in retaliation for the exercise of his constitutional rights or if the inmate was not afforded procedural due process in connection with the resulting disciplinary proceedings as provided in Wolff v. McDonnell, 418 U.S. 539, 563–70, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1874). See Hines v. Gomez, 108 F.3d 265, 267 (9th Cir.1997) (retaliation); Hanrahan v. Lane, 747 F.2d 1137, 1141 (7th Cir.1984) (finding that an allegation that a prison guard planted false evidence which implicated an inmate in a disciplinary infraction failed to state a claim for which relief can

be granted where procedural due process protections are provided); Brown v. Leyva, 2009 WL 129879, *3 (E.D. Cal. Jan.20, 2009) (prisoner failed to state cognizable due process or retaliation claim based on allegedly false charges and reports); Rodgers v. Reynaga, 2009 WL 62130, *2 (E.D. Cal. Jan.8, 2009) (inmate's allegations that defendants conspired to fabricate a false criminal offense that resulted in his re-housing in administrative segregation failed to state a cognizable retaliation or due process claim).

Here, Plaintiff has failed to assert sufficient allegations to support a cognizable claim arising from an allegedly false disciplinary report. Plaintiff has not alleged that the report was done in retaliation for protected conduct. He also has not alleged that he was denied any procedural due process protections in connection with the disciplinary hearing. Plaintiff will be given leave to cure this deficiency to the extent that he is able to do so in good faith.

### IV.     Conclusion and Order

Plaintiff has failed to state a properly cognizable claim. As noted above, the Court will provide Plaintiff with the opportunity to file an amended complaint to cure the identified deficiencies. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted). Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa County, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1.     The Clerk's Office shall send Plaintiff a complaint form;

2. Plaintiff's complaint is dismissed for failure to state a cognizable claim;

3. Within thirty (30) days from the date of service of this order, Plaintiff shall file a first amended complaint; and

4. <u>If Plaintiff fails to file a first amended complaint in compliance with this order, this action will be dismissed for failure to obey a court order</u>.

IT IS SO ORDERED.

Dated: **December 16, 2014**              /s/ Barbara A. McAuliffe
                                         UNITED STATES MAGISTRATE JUDGE