# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH E. ANDERSON, | ) 1:14-cv-00362-BAM (PC) |
| Plaintiff, | ) |
| v. | ) SCREENING ORDER DISMISSING FIRST AMENDED COMPLAINT AND GRANTING LEAVE TO AMEND |
| A. GONZALES, et al., | ) (ECF No. 7) |
| Defendants. | ) THIRTY-DAY DEADLINE |

### I.     Screening Requirement and Standard

Plaintiff Joseph Anderson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On December 16, 2014, the Court dismissed Plaintiff's complaint with leave to amend. Plaintiff's amended complaint, filed on January 12, 2015, is currently before the Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not

required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted).  To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

Plaintiff alleges as follows:

I was Brutally Handcuffed and Forced in a cell By C. Laita, as Sergeant A. Gonzales looked on and did not intervene, I deserve to Be protected from officers and inmates.  I informed all officers that I had contact with that day not to house me with that inmate, but I Received injuries From Both that day.  Inmate McClish Beat me up in the cell.

(ECF No. 7, p. 3.)

Plaintiff further alleges:

I informed all officers C. Laita and A. Gonzales "I am non-affiliated with any Gangs (Plus it is in my Bed Card).  I was forced (literally) to live with a known "Blood" gang member, who ended up harming me.

(ECF No. 7, p. 4.)

Plaintiff asserts that Defendants Laita and Gonzales violated his right to be free from cruel and unusual punishments and his right to freedom of association.

### III. Discussion

#### A. Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). As noted above, detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id; see also Twombly, 550 U.S. at 556–557; Moss, 572 F.3d at 969.

Here, Plaintiff's amended complaint is short, but does not set forth sufficient facts to state a claim for relief that is plausible on its face. Plaintiff's complaint contains disjointed and conclusory statements. If Plaintiff chooses to amend his complaint for a second time, he should briefly and clearly state the facts giving rise to his claims for relief against the named defendants.

#### B. Eighth Amendment – Excessive Force

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is ... whether force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6–7, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992). "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." Id. at 7 (internal quotation marks and citations omitted).

Plaintiff alleges that he was brutally handcuffed and forced into his cell by Defendant Laita and suffered some unidentified injury. "Not 'every malevolent touch by a prison guard

gives rise to a federal cause of action." Wilkins v. Gaddy, 559 U.S. 34, 37, 130 S.Ct. 1175, 1178, 175 L.Ed.2d 995 (2010) (quoting Hudson, 503 U.S. at 9, 112 S.Ct. at 1000). "An inmate who complains of a push or shove that causes no discernible injury almost certainly fails to state a valid excessive force claim." Wilkins, 559 U.S. at 38. Plaintiff's allegations are not sufficient to state a cognizable excessive force claim against Defendant Laita.

### C. Eighth Amendment – Failure to Intervene

Prison officials are required "to take reasonable steps to protect inmates from physical abuse." Hoptowit v. Ray, 682 F.2d 1237, 1250 (9th Cir.1982) (abrogated on other grounds by Sandin v. O'Connor, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995)). "[A] prison official can violate a prisoner's Eight Amendment rights by failing to intervene." Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir.1995).

Plaintiff has not stated a cognizable claim against Defendant Gonzales for failure to intervene in the use of force by Defendant Laita. As noted above, Plaintiff has failed to state a cognizable claim for excessive force against Defendant Laita. Therefore, Plaintiff cannot state a claim for failure to intervene.

Plaintiff also has not stated a cognizable claim against either Defendant Gonzales or Defendant Laita for failure to intervene or for failure protect Plaintiff from harm by his cellmate. There are no factual allegations demonstrating that Defendants knew of a risk of harm to Plaintiff from his cellmate or that they were present during the alleged attack. Plaintiff will be given leave to cure these deficiencies.

### D. Freedom of Association

"An inmate does not retain rights inconsistent with proper incarceration" and "freedom of association is among the rights least compatible with incarceration." Overton v. Bazzetta, 539 U.S. 126, 131, 123 S.Ct. 2162, 2167, 156 L.Ed.2d 162 (2003). Accordingly, "[s]ome curtailment of that freedom must be expected in the prison context." Id. However, associational rights only extend to groups engaged in expressive activities. Blaisdell v. Frappiea, 729 F.3d 1237, 1246 (9th Cir. 2013). As such, Plaintiff has failed to state a cognizable claim for freedom of association arising out of his forced housing with a known gang member.

**IV.     Conclusion and Order**

Plaintiff has failed to state a cognizable claim.  As noted above, the Court will provide Plaintiff with a final opportunity to amend his complaint and cure the identified deficiencies. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1948-49.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).  Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa County, 693 F.3d 896, 927 (9th Cir. 2012).  Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Plaintiff's complaint is dismissed for failure to state a cognizable claim;
3. Within thirty (30) days from the date of service of this order, Plaintiff shall file a second amended complaint; and
4. <u>If Plaintiff fails to file a second amended complaint in compliance with this order, this action will be dismissed for failure to obey a court order and for failure to state a claim</u>.

IT IS SO ORDERED.

Dated: **January 13, 2015**         /s/ Barbara A. McAuliffe
                                    UNITED STATES MAGISTRATE JUDGE