UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH E. ANDERSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>A. GONZALES, et al.,<br><br>　　　　Defendants. | Case No.: 1:14-cv-00362-AWI-BAM (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT BE DENIED<br><br>(ECF No. 15)<br><br>**FOURTEEN (14) DAY DEADLINE** |

**FINDINGS AND RECOMMENDATION**

**I.　Introduction**

　　Plaintiff Joseph E. Anderson ("Plaintiff") is state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's second amended complaint against Defendant Laita for excessive force in violation of the Eighth Amendment, and against Defendant Gonzales for failure to intervene in the use of excessive force in violation of the Eighth Amendment and failure to protect from an assault by another inmate in violation of the Eighth Amendment.

　　Currently before the Court is Defendants' motion to dismiss (1) Plaintiff's Eighth Amendment claim against Defendant Laita; and (2) Plaintiff's claim for failure to intervene in the use of excessive

force against Defendant Gonzales.[1] (ECF No. 27.)  The grounds for Defendants' motion are that (1) Plaintiff's second amended complaint fails to state a claim for relief pursuant to Federal Rule of Civil Procedure 12(b)(6), and (2) Defendants are entitled to qualified immunity from suit. (ECF No. 15.) Plaintiff opposed the motion, (ECF No. 27), and Defendants replied to Plaintiff's opposition, (ECF No. 28). The motion is deemed submitted. Local Rule 230(l).

II.     **Motion to Dismiss for Failure to State a Claim**

   A.     **Legal Standard**

Rule 12(b)(6) of the Federal Rules of Civil Procedures provides for motions to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss under Rule 12(b)(6), the court must accept as true the allegations of the complaint in question, Erickson v. Pardus, 551 U.S. 89 (2007), and construe the pleading in the light most favorable to the plaintiff. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969); Meek v. County of Riverside, 183 F.3d 962, 965 (9th Cir. 1999). To survive dismissal for failure to state a claim, a pro se complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). A claim upon which the court can grant relief must have facial plausibility. Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  In general, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). The court has an obligation to construe such pleadings liberally. Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc).

   B.     **Relevant Allegations in Second Amended Complaint**

Plaintiff's factual allegations are brief. He alleges that he refused to enter his cell because he did not want to live with an inmate that was in a gang. Defendant Laita handcuffed Plaintiff and dragged him into his cell, where he got into a fight with the inmate in his cell. Defendant Gonzales

---

[1] Defendants expressly do not move to dismiss Plaintiff's claim against Defendant Gonzales for failure to protect him from assault at the hands of another inmate, at this time. (ECF No. 15-1, p. 2 n.2.)

stood by and did nothing. Plaintiff's left wrist was broken when Defendant Laita handcuffed him and dragged him into the cell.

### C. Defendant's Motion to Dismiss

Defendants first argue that Plaintiff's has failed to state an Eighth Amendment excessive force claim against Defendant Laita because he failed to allege facts showing that Defendant Laita utilized excessive force against him. They argue that although Plaintiff alleged an injury that is greater than de minimis, the force Defendant Laita applied "was the least amount of force to compel Plaintiff's compliance." (ECF No. 51-1, p. 4.) Defendants emphasize Plaintiff's admission that he was a prisoner who refused orders to enter his cell. Defendants also argue that Plaintiff physically resisted.

Second, Defendants note that Plaintiff's Eighth Amendment failure to protect claim against Defendant Gonzales is entirely dependent on the allegations of excessive force against Defendant Laita. They argue that since there was no excessive force by Defendant Laita, there can be no liability against Defendant Gonzales either.

Lastly, Defendants argue that they both are entitled to qualified immunity because of the inadequate factual allegations in the second amended complaint. Even if construed in the light most favorable to Plaintiff, Defendants argue that Plaintiff's complaint has neither established a violation of a constitutional right, nor pleaded a right that was clearly established.

### D. Plaintiff's Opposition

Plaintiff's lengthy opposition largely addresses matters not relevant to Defendants' motion, which the Court will not discuss. (ECF No. 27.) Plaintiff re-alleges that he was handcuffed and forced into his cell, and his left wrist was broken during that process. (Id. at 5-6.) He argues that his case "has the merits to proceed and the evidence to support the allegations." (Id. at p. 17.) Plaintiff attached exhibits to his opposition, including medical documents. These documents include a Medical Report of Injury or Unusual Occurrence dated October 21, 2011. (ECF No. 27, pp. 23-24.) The report discusses that Plaintiff had bruises on his knuckles, and also some issues with areas of his face, chest, and right knee. It states that Plaintiff had "no comment" regarding the circumstances of the injury or occurrence. (Id.) Plaintiff also attaches a May 8, 2013 medical office visit note discussing his "altercation with officers in 2011" which "resulted in an injury to his left wrist." (Id. at 28-29.) The

1   note further states that the physician's opinion was that Plaintiff was a reasonable candidate for
2   arthroscopic surgery of the left wrist. (Id. at 29) The note also discuss a June 1, 2012 x-ray of
3   Plaintiff's left wrist, which showed an "[o]ld fracture of the distal ulna" and other injuries. (Id. at 28.)
4         Plaintiff also attached to his opposition a Rules Violation Report ("RVR") concerning an
5   October 21, 2011 incident. (ECF No. 27, pp. 18-22.) The circumstances portion of the RVR was
6   written by Correctional Officer A. Garcia, a non-party, and states that on Friday, October 21, 2011, at
7   approximately 1400 hours, he was conducting a security check and heard a banging noise from the
8   area of cell 114. Officer Garcia states in the RVR that he arrived and saw Plaintiff and his cellmate
9   with blood on their clothes and body, and there was swelling on Plaintiff's face. The inmates were
10  separated from each other and trying to clean up, and Officer Garcia notified C-Observation and
11  Central Control of a fight, activated his alarm, and had the cell open. Officer Garcia further wrote that
12  he ordered Plaintiff out of his cell, searched Plaintiff, and escorted Plaintiff to the medical clinic,
13  without incident. (Id. at 18.)
14        The RVR goes on to state that Plaintiff was charged with fighting, (ECF No. 27, p. 19), and
15  contains statements by Senior Hearing Officer J.G. Lopez, another non-party, concerning the charges,
16  (id. at 19-20.) This includes an alleged plea statement that Plaintiff made regarding the charge. (Id. at
17  20.) Plaintiff's statement is given as follows:

> I had just come back from the hospital and staff had moved another guy
> into the cell when I was gone. I told building staff I am not compatible
> with gang-bangers and we could not live together. They have been putting
> gang-bangers in my cell because I am a non-affiliate and I told staff I
> won't cell with these younger gang-bangers because I don't believe what
> they stand for. I told staff to send me to the hole–I refuse to house with the
> guy. Staff cuffed me up and escorted me to my cell and un-cuffed me and
> put me in the cell. They basically forced me to live and move in with the
> guy. The guy told me I had to move and not to sit down or get
> comfortable. I told the guy I'm tired and sick, I'm gonna sit where I want,

4

1         I just want to sleep. I told the guy if we're gonna fight let me move my

2         TV. The guy started to hit me and I had no choice but to defend myself.

3 (ECF No. 17, p. 20.)

4     **E.**    **Defendant's Reply**

5     In Defendant's reply, they admit that the exhibits attached to Plaintiff's opposition brief are not "part of the 'four corners' of Plaintiff's complaint." (ECF No. 28, p. 1 n.1.) Nevertheless, they argue that Plaintiff's exhibits contradict the allegations in his complaint, and thus support their motion to dismiss. First, they argue that Plaintiff's statement in the RVR contradicts his complaint allegations that after he refused to enter his cell, Defendant Laita dragged him, unwillingly, into his cell while handcuffed. (ECF No. 27, p. 20.) Defendants also note that in the October 21, 2011 Medical Report of Injury or Unusual Occurrence, Plaintiff did not report any wrist injury or broken wrist. (ECF No. 27, p. 24.) Defendants further argue that Plaintiff has provided no argument or exhibit which supports his allegations of excessive force or a failure to intervene.

**III.**    **Discussion**

    **A.**    **Eighth Amendment Excessive Force Claim Against Defendant Laita**

Plaintiff claims that Defendant Laita used excessive force in violation of the Eighth Amendment when Laita handcuffed him and dragged him into his cell after he refused to enter. The relevant inquiry for this claim is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6–7, 112 S. Ct. 995, 998, 117 L. Ed. 2d 156 (1992); Whitley v. Albers, 475 U.S. 312, 320, 106 S. Ct. 1078, 1085, 89 L. Ed. 2d 251 (1986). When analyzing whether the use of force was malicious or sadistic, factors to be balanced are: (1) the extent of the injury, (2) the need for the application of force, (3) the relationship between the need and the severity of the force used, (4) the threat perceived, and (5) efforts made to mitigate the force being used. Whitley, 475 U.S. at 320-21.

Defendants admit that Plaintiff alleged in the second amended complaint that Defendant Laita dragged him unwillingly into his cell, while handcuffed, and that he suffered a broken wrist from being dragged. However, Defendants argue that these allegations alone are insufficient to state a claim for Eighth Amendment liability. They assert that the use of force Defendant Laita used "'could

1  plausibly have been through necessary' under the circumstances." (ECF No. 15-1, p. 4 (quoting
2  Hudson, 503 U.S. at 4).) Further, they note that Plaintiff alleges a refusal to enter his cell, and thus
3  Defendant Laita was justified in using at least some physical force to compel Plaintiff's compliance.
4  Thus, even accepting Plaintiff's allegations as true, Defendants argue that Defendant Laita only used
5  "the minimum amount of force to compel [Plaintiff's compliance]." (Id. at 5).

6      At this stage in the proceedings, the Court finds facial plausibility that plaintiff pleads factual
7  content from which a reasonable inference can be drawn that the defendant is liable and which would
8  entitle Plaintiff to relief. Although a use of force may have been justified to compel Plaintiff's
9  compliance in entering his cell under certain circumstances, Plaintiff has alleged facts which plausibly
10 suggest that the force used was excessive. He has alleged that refused to go to his cell, and was
11 consequently handcuffed and dragging into his cell until his left wrist was broken. Taking Plaintiff's
12 allegations as true, as the Court must do at this stage, and giving him the benefit of reasonable
13 inferences, he has admitted a need for the Defendants to gain compliance over him, but has alleged
14 that Defendant Laita's actions were out of proportion to that need, and caused substantial injury.
15 Defendants assert that Defendant Laita's use of force was reasonable under the circumstances, but that
16 argument necessarily requires more facts of what those circumstances were than are presented in the
17 second amended complaint to determine whether Defendant Laita did not violate Plaintiff's
18 constitutional rights. Liston v. County of Riverside, 120 F.3d 965, 976 n.10 (9th Cir. 1997) ("We have
19 held repeatedly that the reasonableness of force used is ordinarily a question of fact for the jury."). The
20 Court cannot determine at the pleading stage that Defendant Laita's use of force was justified under
21 the circumstances, based on the allegations of the second amended complaint.

22     As to Defendants' reliance on the exhibits attached to Plaintiff's opposition brief, these
23 documents were not attached to Plaintiff's second amended complaint, were not referenced in that
24 complaint, nor are they a matter of public record. "Generally, a district court may not consider any
25 material beyond the pleadings in ruling on a Rule 12(b)(6) motion." Hal Roach Studios, Inc. v.
26 Richard Feiner & Co., 896 F.2d 1542, 1555 n .19 (9th Cir.1990). If the court nevertheless considers
27 materials outside of the pleadings, the motion to dismiss is converted into a motion for summary
28 judgment. Fed. R. Civ. P. 12(d); Anderson v. Angelone, 86 F.3d 932, 934 (9th Cir. 1996).

1  "The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." <u>Northwest Motorcycle Ass'n v. U.S. Dep't of Agric</u>., 18 F.3d 1468, 1471 (9th Cir. 1994) (citation omitted). All reasonable inferences are drawn in favor of the non-moving party. <u>In re Slatkin</u>, 525 F.3d 805, 810 (9th Cir. 2008) (citing <u>Anderson v. Liberty Lobby, Inc</u>., 477 U.S. 242, 255 (1986)). Summary judgment is appropriate if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." <u>Id</u>. (quoting Fed. R. Civ. P. 56(c)). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. <u>See</u> <u>Anderson</u>, 477 U.S. at 250.

To the extent Defendants seek for this motion to be converted to a motion for summary judgment, and for the documents attached to Plaintiff's opposition brief to be considered in that context, the Court does not find Defendants have demonstrated the absence of any genuine issue of material fact based on the scant record at hand. Defendants first rely on Plaintiff's use of the October 21, 2011 RVR. Specifically, they argue that Officer Lopez's statement of Plaintiff's statement that "[s]taff cuffed me up and escorted me to my cell and un-cuffed me and put me in the cell" in the RVR contradicts Plaintiff's allegations in the second amended complaint. (ECF No. 17, p. 20.) At this point in the proceedings, this document not authenticated, and this statement is hearsay within hearsay. In his opposition brief, Plaintiff did attempt to rely upon on the portion of the RVR reflecting the statement by Officer Garcia, specifically Officer Garcia's discussion of Plaintiff's blood and injuries, as proof of his injuries in the incident involving his cellmate. (ECF No. 27, pp. 6-7.) The Court is not relying on this proposed evidence for this motion either, finding it irrelevant to the current motion. Nevertheless, Plaintiff's attempt to rely on Officer Garcia's statement in the RVR does not show that Officer Lopez's description in the RVR of Plaintiff's alleged plea statement is undisputed. As this matter was raised in Defendant' reply, Plaintiff has not had any opportunity to comment on it.

Moreover, although Defendants allege inconsistency between the exhibits to Plaintiff's opposition brief and Plaintiff's complaint allegations, there are other documents submitted by Plaintiff that appear to support his claims. These include the medical reports which discuss a left wrist injury resulting from Plaintiff's "altercation with officers in 2011." (ECF No. 17, p. 28.) Also, Plaintiff's

1  alleged "no comment" response to the medical evaluator on October 21, 2011, although relevant, is
2  not a refutation or denial that he had a wrist injury from the incident.
3        Based on the limited record available here, where discovery has not been done and where no
4  affidavits have been submitted, the Court does not find an absence of material fact sufficient to grant
5  Defendants summary judgment on the claims at issue in this motion. Thus, the Court recommends that
6  Plaintiff's motion to dismiss the Eighth Amendment claim against Defendant Laita be denied.

      **B.**      **Defendant Gonzales: Eighth Amendment – Failure to Intervene**

8        Plaintiff alleges that Defendant Gonzales was just a mere bystander and did not do anything
9  while Defendant Laita handcuffed and dragged Plaintiff into the cell. Prison officials have a duty to
10 take reasonable steps to protect inmates from physical abuse. Farmer v. Brennan, 511 U.S. 825, 832-
11 33, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994) (quotations omitted); Hearns v. Terhune, 413 F.3d
12 1036, 1040 (9th Cir. 2005). "[A] prison official can violate a prisoner's Eight Amendment rights by
13 failing to intervene." Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir.1995). A prison official may be
14 held liable under the Eighth Amendment "only if he knows that inmates face a substantial risk of
15 serious harm and disregards that risk by failing to take reasonable measures to abate it. Farmer, 511
16 U.S. at 847.
17       Defendants argue that Plaintiff's failure to intervene claim is entirely dependent on the
18 allegations of excessive force, and since there was no excessive force, the failure to intervene claim
19 must fail. On the contrary, as explained above the Court has determined that Plaintiff has sufficiently
20 alleged an excessive force claim against Defendant Laita to withstand the motion to dismiss.
21 Analyzing the pleadings in the light most favorable to the Plaintiff, Defendant Laita's use of force
22 created a substantial risk of harm, and the allegations that Defendant Gonzales stood by and did
23 nothing sufficiently alleges a deliberate disregard of that risk. Therefore, Defendant's motion to
24 dismiss for failure to state a claim against Defendant Gonzales should be denied as well.

      **C.**      **Qualified Immunity**

26       Finally, Defendants argue that they are entitled to qualified immunity, which shields
27 government officials from civil damages unless their conduct violates "clearly established statutory or
28 constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S.

800, 818, 102 S. Ct. 2727, 2738, 73 L. Ed. 2d 396 (1982). An officer is entitled to qualified immunity unless (1) the facts that a plaintiff has alleged make out a violation of a constitutional right, and (2) the right was "clearly" established at the time of the alleged misconduct. Pearson v. Callahan, 555 U.S. 223, 232, 129 S. Ct. 808, 816, 172 L. Ed. 2d 565 (2009). If the answer to the first prong is "no," then the inquiry ends there, and the plaintiff cannot prevail; if the answer is "yes," then the court must address the second prong. See Saucier v. Katz, 533 U.S. 194, 201 (2001).

Under the second prong, the court considers "whether the right was clearly established" applying an "objective but fact-specific inquiry." Inouye v. Kemna, 504 F.3d 705, 712 (9th Cir. 2007); see Saucier, 533 U.S. at 202. The question is whether "the contours of the right were sufficiently clear that a reasonable official would understand that what he is doing violates the right." Saucier, 533 U.S. at 202. "The relevant dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Id. The court's "task is to determine whether the preexisting law provided the defendants with fair warning that their conduct was unlawful." Elliot-Park v. Manglona, 592 F.3d 1003, 1008 (9th Cir. 2010).

Defendants first argue that Plaintiff has not alleged sufficient facts to show Defendants violated any constitutional right, and since "no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity." (ECF No. 15-1, p. 7 (citing Saucier, 533 U.S. at 201).) As noted above, the Court has rejected the argument that Plaintiff has failed to state a claim against Defendant Laita for the use of excessive force, and against Defendant Gonzales for the failure to intervene, in violation of the Eighth Amendment. Thus, this argument on the first prong of qualified immunity is rejected as well.

Defendants next argue that Plaintiff has not sufficient pleaded any "clearly established" right. They allege that Plaintiff has no right to defy orders or to expect no force be used against him. These are not the rights underlying the claims that Plaintiff has alleged; his claims are for excessive force and a failure to intervene in the use of excessive force. Defendants do not contend that these rights were not clearly established at the time of Plaintiff's second amended complaint.

Defendants also argue that they acted reasonably under the circumstances, and thus no reasonable officer would have considered his conduct to be unlawful. This argument is premature at this stage in the proceedings. The Court cannot determine on the face of the second amended complaint alone whether qualified immunity applies because Defendants were justified under the circumstances here.

Although a defendant may raise a qualified immunity defense at early stages in the proceeding, courts have recognized that the defense is generally not amendable to dismissal under Rule 12(b)(6), because facts necessary to establish this affirmative defense generally must be shown by matters outside the complaint. See Morley v. Walker, 175 F.3d 756, 761 (9th Cir.1999.) Whether Plaintiff's constitutional rights were violated in this matter, and whether a reasonable official would have known their conduct was violating a clearly established right, hinges on further factual development in this action. See Moss v. U.S. Secret Service, 572 F.3d 962, 974–75 (9th Cir. 2009) (where extra-record evidence is proffered or required to determine the facts at hand, qualified immunity must be asserted in a summary judgment motion). Thus, the Court cannot recommend dismissal on the basis of qualified immunity at this stage.

### IV.   Conclusion and Recommendation

For the reasons set forth above, the Court HEREBY RECOMMENDS that Defendants' motion to dismiss (ECF No. 15), be denied.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, the parties may file written

///
///
///
///
///
///

Objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The parties are advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 18, 2016**              /s/ *Barbara A. McAuliffe*
                                      UNITED STATES MAGISTRATE JUDGE