UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH E. ANDERSON,<br><br>    Plaintiff,<br><br>    v.<br><br>A. GONZALES, et al.,<br><br>    Defendants. | Case No.: 1:14-cv-00362-AWI-BAM (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATION RECOMMENDING DENIAL OF DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT<br>(Doc. 29)<br><br>ORDER DENYING DEFENDANTS' MOTION TO DISMISS<br>(Doc. 15) |

I.  **Introduction**

Plaintiff Joseph E. Anderson ("Plaintiff") is state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on March 14, 2014. This action proceeds on Plaintiff's second amended complaint against Defendant Laita for excessive force, and against Defendant Gonzales for failure to intervene in the use of excessive force and failure to protect from an assault by another inmate, in violation of the Eighth Amendment.

On June 5, 2016, Defendants filed a motion to dismiss Plaintiff's second amended complaint under Federal Rule of Civil Procedure 12(b)(6), contending that Plaintiff failed to allege facts that would entitle him to relief. (Doc. 15.) Defendants also moved to dismiss the second amended complaint on qualified immunity grounds.

On July 18, 2016, the Magistrate Judge issued Findings and Recommendations that Defendants' motion to dismiss be denied. The Findings and Recommendations were served on the parties and contained notice that any objections were to be filed within fourteen (14) days after service. (Doc. 29.) On August 1, 2016, Defendants filed timely objections. (Doc. 30.)

**II.     Discussion**

Defendants' objections concern the qualified immunity question raised in their motion to dismiss the second amended complaint. As the magistrate judge noted, Plaintiff's allegations in that complaint are brief. Plaintiff alleges that he refused to enter his cell, and was handcuffed and dragged into his cell by Defendant Laita, which severely injured Plaintiff's wrist, such that it required surgery. Plaintiff was assaulted by his cellmate. Defendant Gonzales was a mere bystander. (Doc. 11.)

In their motion to dismiss, Defendants argued that Plaintiff's allegations did not show any violation of a clearly established right, as "[p]risoners do not have a clearly established right to defy orders to enter their cell, or an expectation that no force may be applied to compel compliance." (Doc. 15-1, p. 8.) The legal requirements for qualified immunity are well established. To determine whether qualified immunity applies, the threshold question is whether, in the light most favorable to the party asserting injury, the facts show an officer's conduct violated a constitutional right. *Saucier v. Katz,* 533 U.S. 194, 201, 121 S. Ct. 2151, 150 L. Ed. 2d 272 (2001); *Robinson v. Solano County*, 278 F.3d 1007, 1012 (9th Cir. 2002) (en banc).  If no constitutional right was violated, immunity attaches and the inquiry ends. *Saucier*, 533 U.S. at 201. If a constitutional right would have been violated were a plaintiff's allegations established, the next step is to ask whether the right was clearly established in light of the context of the case. *Id*. Finally, the contours of the right must be clear enough that a reasonable officer would understand whether this or her acts violate that right. *Id*. at 202.

Defendants object to the findings that Plaintiff's "clearly established" rights in this case are for "excessive force" and for a "failure to intervene in the use of excessive force," arguing that the magistrate judge defined those rights generally and not within the specific context of this case. Thus, they argue, the magistrate judge erred in failing to properly consider that the alleged use of force was preceded by Plaintiff's admitted failure to comply with an order.

///

The magistrate judge found that Defendants' argument boils down to an assertion that they acted reasonably under the circumstances, and thus no reasonable officer would have considered his conduct to be unlawful. The magistrate judge further found that such a qualified immunity argument is premature in this case, as this matter cannot be sufficiently determined solely from the face of Plaintiff's pleading. This Court agrees.

Certainly, in the prison setting, inmates are not allowed to decide whether they will obey prison officials' orders. Correctional officers are not required to concede to the demands of inmates or wait them out in order to avoid the use of force. *Soto v. Dickey*, 744 F.2d 1260, 1270 (7th Cir. 1984) ("[E]xperience and common sense establish that a prison cannot be operated in such a way."). Thus, Plaintiff's admitted refusal to obey an order shows that Defendant Laita was justified in using *some* measure of force.

However, Plaintiff has alleged that in response to his failure to obey an order, Defendant Laita handcuffed and dragged him into his cell, severely injuring his wrist, such that surgery was required. These allegations when taken as true, and construing all reasonable inferences in Plaintiff's favor, sufficiently allege that the amount of force used in response to his failure to obey an order was excessive. Contrary to Defendants' objection that these allegations are insufficient to show any intent by Defendant Laita to harm Plaintiff, the handcuffing and dragging, combined with the degree of injury alleged here, even in relation to the alleged disobedience, is sufficient to plead that the force used here was used "maliciously and sadistically for the very purpose of causing harm." *Hudson v. McMillian*, 503 U.S. 1, 6, 112 S. Ct. 995, 998, 117 L. Ed. 2d 156 (1992). Even though Plaintiff admits to not obeying an order prior to the use of force, it is not clear from the face of the pleading that the use of force alleged here was not excessive. Further, since it was clearly established at the time of these events that a correctional officer may not use disproportionate force in responding to an inmate's failure to obey an order, Defendants are not entitled to qualified immunity at this stage. The Ninth Circuit has long held that officers can be liable, and can be denied qualified immunity, for uses of force that exceed an officer's good-faith efforts to address a violation of prison rules. *Covington v. Fairman*, 123 F. App'x 738, 741 (9th Cir. 2004)); *see also Grigsby v. Munguia*, No. 214-CV-0789-GEB-ACP, 2016 WL 900197, at *19 (E.D. Cal. Mar. 9, 2016), *report and recommendation adopted*,

No. 214-CV-0789-GEB-ACP, 2016 WL 1267910 (E.D. Cal. Mar. 31, 2016) (qualified immunity denied for use of choke hold and beating with baton until kneecap was broken in response to inmate's refusal to submit to handcuffs); *Corselli v. Coughlin*, 842 F.2d 23, 27 (2d Cir. 1988) ("The jury could also find for Corselli even if he had refused to obey Bolt's order to leave if Bolt had used gratuitous or excessive force against Corselli.").

For these reasons, Defendants objections do not undermine the grounds for denying their motion to dismiss.

### III.    Conclusion and Order

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(c), this Court has conducted a *de novo* review of the case and has considered Defendants' objections to the findings and recommendations. Having carefully reviewed the entire file, the Court finds that the findings and recommendations are supported by the record and proper analysis, and Defendants' objections do not provide a basis to not adopt the findings and recommendations.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations issued on July 18, 2016, are ADOPTED IN FULL;
2. Defendants' motion to dismiss Plaintiff's second amended complaint pursuant to Rule 12(b)(6) (Doc. 15) is DENIED; and
3. This matter is referred back to the magistrate judge for further proceedings consistent with this order.

IT IS SO ORDERED.

Dated:   August 23, 2016                        _____
                                                            SENIOR DISTRICT JUDGE