UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH E. ANDERSON,<br><br>   Plaintiff,<br><br>   v.<br><br>A. GONZALES, et al.,<br><br>   Defendants. | Case No.: 1:14-cv-00362-AWI-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL, WITHOUT PREJUDICE<br><br>(ECF No. 32) |

Plaintiff Joseph E. Anderson ("Plaintiff") is state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's second amended complaint against Defendant Laita for excessive force in violation of the Eighth Amendment, and against Defendant Gonzales for failure to intervene in the use of excessive force in violation of the Eighth Amendment and failure to protect from an assault by another inmate in violation of the Eighth Amendment.

Currently before the Court is Plaintiff's motion for the appointment of counsel. (ECF No. 32.) Plaintiff states that he is a layman at the law, can be appointed an attorney at this stage in his case, has no experience with discovery, depositions, etc., and is at the mercy of the Court to help him in seeking justice in this matter.

///

1

1   Plaintiff does not have a constitutional right to appointed counsel in this civil action, Rand v.
2   Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent
3   Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern
4   District of Iowa, 490 U.S. 296, 298, 109 S. Ct. 1814, 1816 (1989). However, in certain exceptional
5   circumstances the Court may request the voluntary assistance of counsel pursuant to section
6   1915(e)(1). Rand, 113 F.3d at 1525. Without a reasonable method of securing and compensating
7   counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In
8   determining whether "exceptional circumstances exist, the district court must evaluate both the
9   likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims pro se in
10  light of the complexity of the legal issues involved." Id. (internal quotation marks and citations
11  omitted).

12   In the present case, the Court does not find the required exceptional circumstances. Even if it is
13  assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if
14  proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases
15  alleging excessive force almost daily. Further, at this early stage in the proceedings, the Court cannot
16  find any likelihood of success on the merits. Also, based on a review of the record in this case, the
17  court does not find that Plaintiff cannot adequately articulate his claims. Id. Plaintiff's arguments,
18  pleadings, and motions are comprehensible, and he has defeated Defendants' motion to dismiss. Thus,
19  the Court does not find this to be a serious and exceptional case necessitating the appointment of
20  counsel at this time.

21   Accordingly, it is HEREBY ORDERED that Plaintiff's motion for the appointment of counsel
22  (ECF No. 32) is DENIED without prejudice.
23  IT IS SO ORDERED.

    Dated:   **August 30, 2016**            /s/ *Barbara A. McAuliffe*
                                            UNITED STATES MAGISTRATE JUDGE