# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH E. ANDERSON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>GONZALES, et al.,<br><br>　　　　Defendants. | Case No. 1:14-cv-00362-AWI-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S SECOND MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 41) |

Plaintiff Joseph E. Anderson ("Plaintiff") is a state prisoner proceeding in forma pauperis in this civil rights action under 42 U.S.C. § 1983. This action proceeds on Plaintiff's second amended complaint against Defendant Laita for excessive force in violation of the Eighth Amendment, and against Defendant Gonzales for failure to intervene in the use of excessive force in violation of the Eighth Amendment and failure to protect Plaintiff from assault at the hands of another inmate in violation of the Eighth Amendment.

On August 24, 2016, Plaintiff filed a motion for the appointment of counsel. (ECF No. 32.) On August 30, 2016, the Court denied the motion, finding that the matter did not present exceptional circumstances. (ECF No. 35.)

On April 19, 2017, Plaintiff filed the instant motion for the appointment of counsel. (ECF No. 41.) Plaintiff raises similar grounds for the appointment of counsel as his previous motion, including the lack of legal knowledge and resources, and difficulties litigating his case as a prisoner.

///

1

**I.     Legal Standard**

As Plaintiff was previously informed, he does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), reversed in part on other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S. Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

**II.     Discussion**

The Court has considered Plaintiff's renewed motion for the appointment of counsel, but again does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. As previously indicated, this Court is faced with similar cases involving claims of excessive force and failure to intervene filed by prisoners proceeding in forma pauperis almost daily. These prisoners also must conduct legal research and prosecute claims without the assistance of counsel. There is no indication that Plaintiff is unable to conduct legal research to assist him in this matter or that he is unable to articulate his claims.

Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. Although the Court has determined Plaintiff has stated claims which may proceed in litigation, it has not determined that those claims have a likelihood of being ultimately successful.

///

///

For the foregoing reasons, Plaintiff's second motion for the appointment of counsel (ECF No. 41) is HEREBY DENIED without prejudice.

IT IS SO ORDERED.

Dated: **April 20, 2017**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE