# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH E. ANDERSON,<br><br>Plaintiff,<br><br>v.<br><br>A. GONZALES, et al.,<br><br>Defendants. | Case No. 1:14-cv-00362-AWI-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br>(ECF No. 36)<br><br>FOURTEEN-DAY DEADLINE |

## I. Procedural Background

Plaintiff Joseph E. Anderson ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on March 14, 2014. This action proceeds against Correctional Officer Laita for excessive force in violation of the Eighth Amendment; and against Sergeant A. Gonzales for failure to intervene in the use of excessive force in violation of the Eighth Amendment and failure to protect Plaintiff from assault at the hands of another inmate in violation of the Eighth Amendment.

On January 28, 2015, Defendants Laita and Gonzales filed a motion for summary judgment based on Plaintiff's failure to exhaust available administrative remedies for his excessive force claim against Defendant Laita and his related failure to intervene claim against Defendant

Gonzales.[1] Fed. R. Civ. P. 56(c); *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc), *cert. denied*, 135 S.Ct. 403 (2014). (ECF No. 36.) Plaintiff opposed the motion on January 11, 2017, and Defendants replied on January 17, 2017. (ECF Nos. 39, 40.) The motion is deemed submitted. Local Rule 230(l).

## II. Legal Standard

### A. Statutory Exhaustion Requirement

Section 1997e(a) of the Prison Litigation Reform Act of 1995 ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, *Booth v. Churner*, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

The failure to exhaust is an affirmative defense, and the defendants bear the burden of raising and proving the absence of exhaustion. *Jones v. Bock*, 549 U.S. 199, 216 (2007); *Albino*, 747 F.3d at 1166. "In the rare event that a failure to exhaust is clear on the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6)." *Albino*, 747 F.3d at 1166. Otherwise, the defendants must produce evidence proving the failure to exhaust, and they are entitled to summary judgment under Rule 56 only if the undisputed evidence, viewed in the light most favorable to the plaintiff, shows he failed to exhaust. *Id.*

### B. Summary Judgment Standard

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (quotation marks omitted); *Albino*, 747 F.3d at 1166; *Washington Mut. Inc. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1)

---

[1] Concurrent with the motion, Plaintiff was provided with notice of the requirements for opposing a motion for summary judgment. ECF No. 36-1; *see Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012); *Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1988*); Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute, or that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The Court may consider other materials in the record not cited to by the parties, although it is not required to do so. Fed. R. Civ. P. 56(c)(3); *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001); *accord Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1017 (9th Cir. 2010).

The defendants bear the burden of proof in moving for summary judgment for failure to exhaust, *Albino*, 747 F.3d at 1166, and they must "prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy," *id.* at 1172. If the defendants carry their burden, then the burden of production shifts to the plaintiff "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id.* "If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56." *Id.* at 1166. However, "[i]f material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts." *Id.*

**III. Discussion**

**A. Summary of CDCR's Administrative Review Process**

The California Department of Corrections and Rehabilitation (CDCR) has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1. Pursuant to this system, an inmate may appeal "any policy, decision, action, condition, or omission by the department or its staff that the inmate . . . can demonstrate as having a material adverse effect upon his . . . health, safety, or welfare." *Id.* at § 3084.1(a).

The process is initiated by submitting a CDCR Form 602, Inmate/Parolee Appeal. *Id.* at § 3084.2(a). In the appeal form, prisoners must list all staff members involved and describe their involvement in the issue. *Id.* at § 3084.2(a)(3). If the inmate does not have the requested identifying information about the staff member, he must provide any other available information

3

that would assist the appeals coordinator in making a reasonable attempt to identify the staff member in question. *Id.*

Three levels of review are involved—a first level review, a second level review and a third level review. *Id.* at §§ 3084.5(c)-(e), 3084.7. Bypassing a level of review may result in rejection of the appeal. *Id.* at § 3084.6(b)(15). Under the PLRA, a prisoner has exhausted his administrative remedies when he receives a decision at the third level. *See Barry v. Ratelle*, 985 F.Supp. 1235, 1237-38 (S.D. Cal. 1997).

### B. Summary of Plaintiff's Allegations

In the operative second amended complaint, Plaintiff alleged as follows:

> When I refused to go in the cell I was handcuffed and dragged to the cell, I know thats [sic] when the injury to my wrist occurred, in 7 plus years in prison I never hurt my left wrist. Officer Laita inflicted that. Sergent [sic] Gonzales stood by and did nothing.

(ECF No. 11 at p. 3.) Plaintiff further alleged that Officer Laita violated his rights "by using excessive force to handcuff me and drag me to my cell, just to be assaulted by an inmate. Sergeant A. Gonzales violated Plaintiff's rights by just [being] a mere bystander." (*Id.* at p. 5.) Plaintiff also asserts that he was injured by an officer and an inmate that day and he had resulting surgery from an injury to his wrist. (*Id.* at pp. 4, 6.)

### C. Defendants' Statement of Facts (DSF)[2]

1. Between October 21, 2011 and March 18, 2015, Plaintiff was a prisoner within the custody of the California Department of Corrections and Rehabilitation (CDCR).

2. On October 21, 2011, Plaintiff was incarcerated at Pleasant Valley State Prison (PVSP) in Coalinga, California.

3. During the relevant period, Defendant Laita was employed by CDCR as a Correctional Officer at PVSP. (ECF No. 33 at p. 2, Defendants' Answer.)

4. During the relevant period, Defendant Gonzales was employed by CDCR as a Correctional Sergeant at PVSP. (*Id.*)

5. During the relevant period, Plaintiff submitted two inmate appeals relating to his

---
[2] ECF No. 36-3.

4

claims that he exhausted through all three levels of review. (ECF No. 36-5, Declaration of M. Voong ("Voong Decl.") at ¶ 8 and Exs. 2, 3.)

6. In inmate appeal log number PVSP-11-01623, Plaintiff alleged that on October 21, 2011, Defendant Gonzales forced him into his cell with an incompatible cellmate, which led to Plaintiff being assaulted. (*Id.* at ¶ 10 and Ex. 2.)

7. In PVSP-11-01623, Plaintiff did not specifically name Defendant Laita as a party or witness. However, Defendant Laita was later identified, and interviewed, as a party to Plaintiff's appeal at the First Level of Review. (*Id.*)

8. In PVSP-11-01623, Plaintiff did not allege that Defendant Laita, or any other officer, handcuffed him and/or dragged him into his cell. Plaintiff also did not allege that he suffered a wrist injury as a result of any staff misconduct. (*Id.*)

9. Plaintiff tried to raise his allegations of excessive force against Defendants Gonzales and Laita in his response to a CDCR Form 695 screen-out letter for duplicate appeals, dated February 7, 2012. An inmate/parolee may not add additional narrative pages to the CDCR Form 602, other than one (1) CDCR Form 602-A. Therefore, Plaintiff's typed narrative on the 695, dated 2/7/12, constitutes additional discussion of the issue without keeping to the original CDCR 602 and 602-A, and does not appear to have been considered by the Third Level Examiner. (*Id.* at ¶ 11 and Ex. 2.)

10. In inmate appeal, log number PVSP-12-00113, Plaintiff challenged the guilty verdict, and loss of good-time credit, of the Rules Violation Report (RVR), he received on October 21, 2011, for fighting with his cellmate. (*Id.* at ¶ 9 and Ex. 3.)

11. In PVSP-12-00113, the Reviewer notified Plaintiff that CDCR was accepting only his challenge of the RVR conviction because his staff complaint against Defendants Laita and Gonzales was previously addressed in PVSP-11-01623. (*Id.* at ¶ 12 and Ex. 3.)

12. During the relevant period, Plaintiff did not submit any additional inmate appeals originating from PVSP that were accepted at the Third Level of Review. (*Id.* at ¶ 13.)

13. During the relevant period, Plaintiff did not submit an inmate appeal alleging that any of his appeals were improperly cancelled by the PVSP Office of Appeals, or by any individual

5

Appeals Coordinator. (ECF No. 36-4, Declaration of R. Navarro at ¶ 13.)

**D. Discussion**

<u>Defendants' Position</u>

Defendants argue that Plaintiff failed to properly exhaust his administrative remedies for his excessive force claim against Defendant Laita, and the related failure to intervene claim against Defendant Gonzales, because Plaintiff failed to put PVSP on notice of his allegations that Defendant Laita handcuffed him and dragged him to his cell.[3] Defendants also assert that Plaintiff failed to put prison officials on notice that Defendant Laita caused injury to his wrist. (ECF No. 36-2 at pp. 5-6.)

With regard to the first exhausted inmate appeal, log number PVSP-11-01623, Defendants argue that this appeal only concerned allegations that Defendant Gonzales forced Plaintiff into his cell, which led to him being assaulted by his cellmate. (ECF No.36-2 at p. 5; DSF 6.) While Defendant Laita was identified and interviewed for his involvement in the incident, Defendants contend that Plaintiff failed to allege that Defendant Laita or any other officer handcuffed him, dragged him into his cell or injured his wrist.[4] (ECF No. 36-2; DSF 8.)

Defendants acknowledge that Plaintiff tried to raise his allegations of excessive force against them in his response to a CDCR Form 695 screen-out letter dated February 7, 2012. Defendants argue, however, that this additional discussion is outside of the original CDCR 602 and 602-A, and does not appear to have been considered by the Third Level Examiner. (*Id*. at p. 6; DSF 9.)

Defendants further assert that Plaintiff's second inmate appeal, log number PVSP-12-00113, which challenged his RVR conviction for fighting with his cellmate, did not exhaust Plaintiff's administrative remedies regarding allegations against Defendants Laita and Gonzales. (ECF No. 36-2 at p. 6.) While Plaintiff attempted to add allegations against Defendants Laita and

---

[3] Defendants are not challenging Plaintiff's claim that Defendant Gonzales failed to protect him from being assaulted by his cellmate in this motion. Defendants admit that the failure to protect claim was properly exhausted. (ECF No. 36-2 at p. 1 n. 1.)

[4] Defendants also suggest that Plaintiff's allegations in PVSP-11-01623 contradict his complaint because he originally alleged that Defendant Gonzales forced him into the cell. (ECF No. 36-2 at p. 6.) However, not only was Defendant Laita interviewed as part of the incident (DSF 8), but Plaintiff also alleged in PVSP-11-01623 that "*they* pushed me in the cell." (Ex. 2 to Voong Decl., ECF No. 36-5 at p. 10,) (emphasis added.)

Gonzales in this appeal, prison officials declined to address any such allegations and only adjudicated Plaintiff's challenge to the RVR. (*Id.*; DSF 9-11.)

<u>Plaintiff's Position</u>

Plaintiff counters that he properly exhausted the administrative appeals process. Plaintiff notes that Defendant Laita was mentioned in the first level response to Appeal Log PVSP-11-01623 in connection with the confidential inquiry. (ECF No. 39 at p. 3, and Ex. A at p. 6.) Plaintiff also asserts that he alleged in the appeal that he was injured by staff misconduct. (ECF No. 39 and Ex. 2 at p. 13.) Plaintiff contends that this appeal therefore alerted prison officials to the nature of the problem or wrong. Plaintiff also contends that he tried to raise the issue of excessive force involving defendants in response to a CDCR Form 695, but appears to acknowledge that this was outside of the 602 and 602A for PVSP-11-01623.

<u>Analysis</u>

According to the evidence presented, Plaintiff submitted an inmate appeal, PVSP-11-01623, dated November 7, 2011. (DSF 5-6.) In that appeal, Plaintiff alleged as follows: "Sgt. Gonzales physically forced me into my cell after I told him the cellie they were trying to house me with was not compatible, they pushed me in the cell, I was then assaulted." (Ex. 2 to Voong Decl., ECF No. 36-5 at p. 10.) Plaintiff's appeal was processed as a staff complaint. (*Id.* at pp. 14-15.)

The first level response indicated that a confidential inquiry was conducted during which "accused staff members were interviewed: Sergeant A. Gonzales and Officer C. Laita." (*Id.* at p. 14; *see also* DSF 7.) It was determined that staff did not violate CDCR policy. (Ex. 2 to Voong Decl., ECF No. 36-5 at p. 15.)

The second level response addressed Plaintiff's allegations of "staff misconduct against C. Laita, Correctional Officer; and A. Gonzales, Correctional Sergeant." (*Id.* at p. 16.) Following an inquiry, it was determined that staff did not violate CDCR policy. (*Id.* at p. 17.)

Plaintiff appealed to the third level of review and stated as follows:

> I am not satisfied with the SLR response because but not limited to: (1) the misconduct of the named-prison guards isn't addressed; and, (2) the named-prison guards did in fact violate my state and federal rights. The SLR response merely consists of a cookie-cutter or form-response indicating that the named prison

7

>> guards did nothing wrong. There's simply no accountability. I was seriously
>> injured by both the named-guards and an inmate.

(*Id.* at p. 11.) The appeal was denied at the third level of review. (*Id.* at pp. 8-9.) According to the third level response, the reviewers considered "the confidential inquiry" and concurred with the second level response findings. (*Id.* at p. 8.)

Based on the foregoing evidence, it is undisputed that Plaintiff obtained a decision at all three levels of review regarding this appeal, log number PVSP-11-01623. (DSF 5-6.) Despite this, Defendants' apparent argument is that Plaintiff failed to exhaust his administrative remedies because this appeal did not name all staff involved and did not adequately describe the incident or specify Plaintiff's injuries consistent with CDCR requirements that an appeal list all staff members involved and describe their involvement. *See* Cal. Code Regs., tit. 15 § 3084.2(a)(3).

Contrary to Defendants' argument, a prisoner's failure to list all staff members involved in an incident in his inmate appeal, or to fully describe the involvement of staff members in the incident, will not necessarily preclude exhaustion of administrative remedies. *McClure v. Chen*, --- F.Supp.3d ---, No. 1:14-cv-00932-DAD-GSA-PC, 2017 WL 1148135, at *2 (E.D. Cal. Mar. 28, 2017) (citing *Reyes v. Smith*, 810 F.3d 654, 658 (9th Cir. 2016)); *Washington v.* Guerra, 2017 WL 1197861, at * 5 (C.D. Cal. Jan. 31, 2017), *report and recommendation accepted by*, 2017 WL 1197667 (C.D. Cal. Mar. 29, 2017); *Bulkin v. Ochoa*, No. 1:13-cv-00388 DAD DLB PC, 2016 WL 1267265, at * 2 (E.D. Cal. Apr. 1, 2016). In *Reyes v. Smith*, the Ninth Circuit held that "a prisoner exhausts such administrative remedies as are available ... under the PLRA despite failing to comply with a procedural rule if prison officials ignore the procedural problem and render a decision on the merits of the grievance at each available step of the administrative process." *Reyes*, 810 F.3d at 658. However, in order to exhaust administrative remedies as to defendants who were not identified in an appeal, "there must be a 'sufficient connection' between the claim in the appeal and the unidentified defendants such that prison officials can be said to have had 'notice of the alleged deprivation' and an 'opportunity to resolve it.'" *McClure*, 2017 WL 1148135 at *3 (quoting *Reyes*, 810 F.3d at 659); *Franklin v. Lewis*, No. 13-cv-03777-YGR (PR), 2016 WL 4761081, at *6 (N.D. Cal. Sept. 13, 2016) (same).

In *Reyes,* the Ninth Circuit found that even though the plaintiff's grievance failed to name two physicians on the prison's three-person pain committee, the grievance plainly put prison officials on notice of the nature of the wrong alleged in the federal suit—denial of pain medication. 810 F.3d at 659. Specifically, the Ninth Circuit determined that prison officials plainly knew that the pain committee, of which the unnamed doctors were members, had decided that the plaintiff should not receive the medication, and that decision by the committee was cited repeatedly by the prison administration in denying the plaintiff's grievance. The appellate court thus concluded that prison officials had full notice of the alleged deprivation and ample opportunity to resolve it. *Id.*

Similar to *Reyes*, it is undisputed that prison officials overlooked Plaintiff's initial procedural failure to identify Defendant Laita by name on the CDCR 602 form and decided the matter on its merits. Indeed, Defendants admit that although Plaintiff did not specifically name Defendant Laita as a party or witness, Defendant Laita was later identified, and interviewed, as a party to Plaintiff's appeal at the First Level of Review. (DSF 7.) Further, the second level of review expressly considered Plaintiff's allegations of "staff misconduct against C. Laita, Correctional Officer; and A. Gonzales, Correctional Sergeant." (Ex. 2 to Voong Decl., ECF No. 36-5 at p. 16.) As in *Reyes*, prison officials responding to Plaintiff's appeal were plainly aware that Defendant Laita was involved in the incident. *Reyes*, 810 F.3d at 659 ("prison officials in this case easily identified the Pain Management Committee's involvement in the issue, and explained repeatedly that they were denying Reyes' grievance precisely because the Committee had determined that narcotic were not medically necessary").

The Court also finds that Plaintiff's appeal, Log Number PVSP-11-01623, sufficiently put defendants on notice of the substance of Plaintiff's excessive force claim. Plaintiff initially alleged that "Sgt. Gonzales physically forced" him into the cell and that "they pushed" him in the cell and he "was then assaulted." (Ex. 2 to Voong Decl., ECF No. 36-5, at p. 10.) As indicated above, prison officials easily identified that Plaintiff's allegations concerned misconduct by both Defendant Gonzales and Defendant Laita. In particular, at the first level of review, prison officials reported that "[t]he following *accused* staff members were interviewed: Sergeant A. Gonzales and

Officer C. Laita." (*Id.* at p. 14) (emphasis added); *see also* DSF 7. At the second level of review, prison officials framed the issue as alleged "staff misconduct against C. Laita, Correctional Officer; and A. Gonzales, Correctional Sergeant." (*Id.* at p. 16.) Further, in challenging the second level response, Plaintiff alleged that he was "seriously injured by both the named-guards and an inmate." (*Id.* at p. 13.) The Court finds that Plaintiff's appeal adequately alerted prison officials to the nature of the alleged wrong—that prison officers used force on October 21, 2011, and that Plaintiff was both assaulted and injured.

Insofar as Defendants suggest that Plaintiff should have expressly alleged that Defendant Laita handcuffed him and dragged him into the cell, a grievance "need not contain every fact necessary to prove each element of an eventual legal claim. The primary purpose of a grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation." *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009). Plaintiff's problem concerned being forced into a cell, which resulted in injury. Notifying prison officials of that problem did not require Plaintiff to allege precise legal theories or all facts necessary to prove an eventual claim against the individual defendants. *Id.* Plaintiff's appeal provided enough information to allow prison officials to take appropriate responsive measures to address the use of force, the alleged assault and any injury. *Id.* at 1121; *Bulkin*, 2016 WL 1267265, at * 2 (partially denying motion for summary judgment for failure to exhaust where prison officials showed they had been alerted to the problem, knew of the actors involved—including actors not named in the grievance, and had been given the opportunity to rectify the alleged wrong through internal means). Having found that Plaintiff's inmate appeal sufficiently put prison officials on notice of the nature of the wrong alleged in his excessive force claim, the Court concludes that Defendants have not met their burden to establish that Plaintiff failed to exhaust his administrative remedies regarding this claim prior to filing suit.

Nonetheless, the Court finds that Plaintiff failed to exhaust his administrative remedies with respect to his failure to intervene claim against Defendant Gonzales. At best, Plaintiff alleged in his appeal, log numberPVSP-11-01623, that Defendant Gonzales was involved in the use of force. (DSF 6; Ex. 2 to Voong Decl., ECF No. 36-5 at p. 10.) Plaintiff did not include any

allegations regarding Defendant Gonzales' purported failure to intervene in any use of force by Defendant Laita. Further, Plaintiff's allegations as to Defendants Laita and Gonzales were not addressed on the merits in his appeal, log number PVSP-12-00113, regarding his RVR for fighting. (DSF 10; Ex. 3 to Voong Decl., ECF No. 36-5 at p. 36). Indeed, Plaintiff was notified expressly that only his disciplinary issues would be addressed in the appeal. (DSF 11; Ex. 3 to Voong Decl., ECF No. 36-5 at p. 36.) As a result, Defendants have met their burden to establish that Plaintiff did not exhaust his administrative remedies with respect to this claim. The burden therefore shifts to Plaintiff "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Albino*, 747 F.3d at 1172. Plaintiff has made no showing that the administrative remedies were effectively unavailable to him or that he was unable to exhaust available administrative remedies with respect to his failure to intervene claim.

## V. Conclusion and Recommendation

For the reasons stated, the Court finds that Plaintiff exhausted his administrative remedies with respect to his excessive force claim against Defendant Laita, but not his failure to intervene claim against Defendant Gonzales. Accordingly, IT IS HEREBY RECOMMENDED that Defendants' motion for summary judgment for failure to exhaust administrative remedies be GRANTED IN PART AND DENIED IN PART as follows:

1. Defendants' motion for summary judgment for failure to exhaust administrative remedies as to Plaintiff's failure to intervene claim against Defendant Gonzales be GRANTED;
2. Defendants' motion for summary judgment for failure to exhaust administrative remedies as to Plaintiff's excessive force claim against Defendant Laita be DENIED;
3. This action proceeds on Plaintiff's excessive force claim against Defendant Laita and the Eighth Amendment claim against Defendant Gonzales for failure to protect Plaintiff from assault at the hands of another inmate.

These Findings and Recommendations will be submitted to the United States District

11

Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 28, 2017**　　　　　　　　/s/ *Barbara A. McAuliffe*
　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE