# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH E. ANDERSON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>A. GONZALES, et al.,<br><br>　　　　Defendants. | Case No. 1:14-cv-00362-AWI-BAM (PC)<br><br>ORDER ON FINDINGS AND RECOMMENDATIONS AND ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>(ECF No. 36, 45) |

Plaintiff Joseph E. Anderson is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges violations of the Eighth Amendment against Defendant Laita for excessive force, against Defendant A. Gonzales for failure to intervene in Laita's use of excessive force, and against Gonzales failure to protect Plaintiff from assault at the hands of another inmate

On November 28, 2016, Laita and Gonzales filed a motion for summary judgment. See Doc. No. 36-2. Defendants' contend that Anderson did not exhaust available administrative remedies with respect to the excessive force and failure to intervene claims. See id. There is no exhaustion challenge to the failure to protect claim. See id.

On July 31, 2017, the Magistrate Judge issued Findings and Recommendations ("F&R") that recommended that the motion for summary judgment: (1) be granted with respect to the failure to intervene claim against Gonzales; and (2) be denied with respect to the excessive force claim against Defendant Laita. The F&R was served on the parties and contained notice that any objections were to be filed within fourteen (14) days after service. See Doc. No. 45. Defendant

1

Laita filed objections on August 14, 2017.  See Doc. No. 46.  No other objections or responses were filed.

In his objections, Laita argues *inter alia* that the Magistrate Judge erred by determining that CDCR was on notice of the excessive force claim alleged against him based on Anderson's grievance.  Further, Laita argues that, without notice of the excessive force claim in the notice, CDCR could not have enforced any procedural bars against that claim.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of this case.  The Court respectfully disagrees with the F&R that CDCR was put on notice of the excessive force claim against Laita.

*Relevant Facts*

In the Second Amended Complaint, Anderson makes alleges:  "When I refused to go in the cell I was handcuffed and dragged to the cell, I know that's [sic] when the injury to my wrist occurred . . . . Officer Laita inflicted that.  Sergeant Gonzales stood by and did nothing."  Doc. No. 11 at p. 3.  Anderson also alleged that Laita violated the Constitution "by using excessive force to handcuff me and drag me to my cell, just to be assaulted by an inmate."  Id. at p.5.

Anderson filed a grievance related to this incident.  In appeal log number PVSP-11-01623 ("1623 Grievance"), under the "explain your issue" section, Anderson wrote:  "Sgt. Gonzales physically forced me into my cell after I told him the cellie they were trying to house me with was not compatible, they pushed me in the cell.  I was assaulted."  Doc. No. 36-5 at ECF p. 10.

The first level response identified Gonzales and Laita as "accused staff members," stated that Gonzales and Laita were interviewed, and determined that no violation of CDCR policy had occurred.  Doc. No. 36-5 at ECF pp. 14-15.  Anderson appealed to the second level.

The second level denied the appeal and noted that it addressed allegations of "staff misconduct" against Laita and Gonzales.  Doc. NO. 36-5 at ECF p. 16.  No violation of CDCR policy was found at the second level of review following an inquiry.  Id. at p. 17.

Anderson appealed to the third and final level of review.  Doc. No. 36-5 at ECF p. 11.  As part of the appeal to the third level, Anderson indicated that the was not satisfied with the second level response because "(1) the misconduct of the named-prison guards isn't addressed; and (2)

2

the named-prison guards did in fact violate my state and federal rights." Id. Anderson further complained that the second level response "merely consists of a cookie-cutter or form-response indicating that the named prison guards did nothing wrong. There's simply no accountability. I was seriously injured by both the named-guards and an inmate." Id. at 11.

The third level review denied Anderson's appeal and agreed with the response of the second level review. Id. at pp. 8-9. Under the "Appellant's Argument" section, the third level review stated: "It is the appellant's position that on [sic] Correctional Sergeant A. Gonzales inappropriately forced him to live with another inmate which resulted in him being assaulted. The appellant alleges that Sgt. Gonzales physically forced him back into the cell after he informed staff he could not live with his new cell partner. The appellant contends that Sgt. Gonzales's action constitute staff misconduct." Id. at p. 8.

*Legal Standard*

The Prison Litigation Reform Act mandates that a prisoner must exhaust administrative prison remedies prior to filing a § 1983 lawsuit that challenges prison conditions. 42 U.S.C. § 1997e; Porter v. Nussle, 534 U.S. 516, 524 (2002); Draper v. Rosario, 836 F.3d 1072, 1078 (9th Cir. 2016). The exhaustion requirement "requires compliance with both procedural and substantive requirements set forth by prison grievance processes in order to ensure that the prison receives the 'opportunity to correct its own mistakes . . . before it is haled into federal court.'" Manley v. Rowley, 847 F.3d 705, 711 (9th Cir. 2017) (quoting Woodford v. Ngo, 548 U.S. 81, 89 (2006)). A grievance will suffice "if it alerts the prison to the nature of the wrong for which redress is sought." Sapp v. Kimbrell, 623 F.3d 813, 824 (9th Cir. 2010); see Morton v. Hall, 599 F.3d 942, 946 (9th Cir. 2010). "The grievance 'need not include legal terminology or legal theories,' because 'the primary purpose of a grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation.'" Reyes v. Smith, 810 F.3d 654, 659 (9th Cir. 2016) (quoting Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009)). "The grievance process is only required to 'alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued.'" Reyes, 810 F.3d at 659 (quoting Jones v. Bock, 549 U.S. 199, 219 (2007)).

*Discussion*

There is no dispute that the 1623 Grievance was fully exhausted because Anderson received a decision from the third and final level of review. See Draper, 836 F.3d at 1077 n.2. From Laita's objections, the issue is whether the 1623 Grievance provided sufficient notice to CDCR that Anderson was attempting to make a complaint of excessive force against Laita.

As noted above, the excessive force alleged in the Complaint is being handcuffed and dragged to the cell, which allegedly caused injury to Anderson's wrists. However, the Court agrees with Laita that this claim is not fairly reflected in the 1623 Grievance. Objectively, the 1623 Grievance is complaining that Anderson was forced to be in a cell by guards, despite his protestations and warnings, with someone with whom he was not compatible. This is a failure a protect claim. See Cortez v. Skol, 776 F.3d 1046, 1050 (9th Cir. 2015) ("The Eighth Amendment imposes a duty on prison officials to protect inmates from violence at the hands of other inmates.").[1]

It is true that Anderson stated that he was pushed and physically forced into the cell. However, there is no description of how Anderson was pushed or physically forced into the cell. Significantly, there is no indication that Anderson was handcuffed by any guard. The natural focus of Anderson's description of his issue with the guards is not how he was placed into the cell, it was that he was placed in the cell despite his protestations of incompatibility and then assaulted by the other inmate. See Doc. No. 36-5 at ECF p. 10.

It is also true that the decisions at the first, second, and third level refer to the guards' "misconduct" or "the accused," see id. at ECF pp. 8,9, 16, 17, and Anderson's appeal to the third level states his dissatisfaction with the first level review because the guard's "misconduct" was not addressed, that the guards violated his rights, and that he was injured by both the named-guards and an inmate. See Doc. id. at ECF p. 11. However, the language of Anderson's appeal and the appeals' decisions are consistent with a failure to protect claim. Under a failure to protect claim, a guard's failure to protect will result in physical injury and violate the Constitution, even

---

[1] Again, the Court notes that Anderson is pursuing a failure to protect claim in this case. However, that claim is not at issue for purposes of Defendants' motion.

4

if the guard did not personally assault the inmate. E.g. Cortez, 776 F.3d at 1050-53. In such a claim, the guard's failure to protect is culpable conduct or "misconduct" that violates the Eighth Amendment right to be free from violence at the hands of other inmates. See id. That is, the guards' failure to protect is culpable conduct that leads to a physical injury at the hands of a third party. Both the guard's conduct and the assaulting inmate's conduct are causes of injury. See id. Anderson's language does not describe or state that he was physically injured by the guards. At best, Anderson's language in his third level appeal is ambiguous. It does not appear that the third level review was aware that Anderson was trying to grieve excessive force by a guard. The third level response described Anderson's argument in part as: "It is the appellant's position that on [sic] Correctional Sergeant A. Gonzales inappropriately *forced him to live with another inmate which resulted in him being assaulted*. The appellant alleges that Sgt. Gonzales physically forced him back into the cell *after he informed staff he could not live with his new cell partner*." Doc. No. 36-5 at ECF p. 8 (emphasis added). The focus is on housing. The third level response does not indicate that excessive force by any guard was considered.

In sum, the 1623 Grievance fairly alerted the prison that there was a problem with the guards housing Anderson with an incompatible cellmate, but it did not fairly alert the prison that there was a problem with the force used by the guards against Anderson, or that Anderson was injured by the guards in a manner other than being forced to share a cell with an incompatible inmate.[2] See Sapp, 623 F.3d at 824; Morton, 599 F.3d at 946; Griffin, 557 F.3d at 1120-21.

Additionally, although the F&R did not address the specific point, the Court agrees with Laita that the grievance's failure to give adequate notice was not waived. A prison's decision to overlook a procedural failure, and instead address a grievance on the merits, will result in the waiver of the procedural failure. See Reyes, 810 F.3d at 658. However, there was not fair notice of the excessive force claim in the 1623 Grievance. One cannot apply a procedural bar if one does not fairly know that there is a claim to which the bar applies.

---

[2] The Court emphasizes that Anderson's grievance did not clearly contain an excessive force claim. If Anderson had grieved not only the housing, but expressly stated that a guard cuffed him and injured his wrist, a different result would be warranted.

5

Therefore, having carefully reviewed the entire file, the Court finds Anderson did not exhaust his excessive force claim against Laita because the 1623 Grievance did not provide the prison fair notice of that problem/claim. Because the F&R reached a contrary conclusion, the Court respectfully declines to adopt that aspect of the F&R.

## ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations issued on July 31, 2017, (Doc. No. 45), are adopted in part and declined in part as discussed above;
2. Defendants' motion for summary judgment, filed on November 28, 2016, (Doc. No. 36), is GRANTED; and
3. This matter is referred back to the Magistrate Judge for further proceedings consistent with this order.

IT IS SO ORDERED.

Dated:   September 29, 2017          _____
                                     SENIOR DISTRICT JUDGE